UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80019-CIV-DIMITROULEAS/ROSENBAUM

GEORGE S. GEORGE, and all
similarly situation individuals,

       Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, JAMES R.
MCDONOUGH, Secretary, a Florida
corporation,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Verified Motion to Tax Costs [D.E. 50], referred to the undersigned for appropriate disposition or report and recommendation by Order dated April 10, 2008. [D.E. 54]. The Court also held hearings on Defendant's Motion and Plaintiff's Opposition thereto on March 31, 2008, and May 13, 2008. [D.E. 57, 62]. Upon review of Defendant's Verified Motion to Tax Costs [D.E. 50], Plaintiff's Response in Opposition to Defendant's Motion to Tax Costs [D.E. 55], Defendant's Supplemental Materials in Support of Its Motion to Tax Costs [D.E. 58], and Plaintiff's Response to Defendant's Supplemental Materials in Support of Its Motion to Tax Costs [D.E. 59], the Court recommends that Defendant's Motion be granted in part and denied in part, and that Plaintiff be directed to pay $4,055.02 in costs.

## *I. BACKGROUND*

Plaintiff George S. George ("George") filed this case, alleging violations of Title VII of the Civil Rights Act of 1964. [D.E. 1, ¶1]. More specifically, George asserted that his former employer, Defendant Florida Department of Corrections ["FDOC"] had discriminated against George on the basis of color and national origin, and that it had engaged in retaliatory discrimination against George for pursuing his rights under Title VII. [D.E. 1].

On February 25, 2008, the Court granted Defendant's Motion for Summary Judgment and dismissed George's Complaint. [D.E. 48]. FDOC then filed its Motion for Taxation of Costs [ D.E. 50], seeking reimbursement pursuant to Rule 54(d), Fed. R. Civ. P., from George for costs. In FDOC's Motion for Taxation of Costs, FDOC requests $712.85 in photocopying costs and $4,939.70 in court reporter, transcript and deposition costs. [D.E. 50]. According to FDOC's Motion, FDOC incurred a total of $5,625.55 in expenses and seeks for these costs to be paid by George. *Id.* In support of its Motion, FDOC submitted an affidavit of Zoe Panarites, an attorney for FDOC, certifying the costs incurred in relation to this case. [D.E. 50 Ex. B]. FDOC also submitted a summary of all costs, including invoices from vendors for services of the requested costs [D.E. 50 Ex. A].

Plaintiff responded by filing his Opposition to Defendant's Motion for Taxation of Costs on March 17, 2008, asking the Court not to impose costs upon him. [D.E. 55]. Among other reasons George cited in support of this request, George stated that he was unemployed and had no means to pay costs. *Id.*

Upon review of FDOC's Motion and George's Opposition, the Court issued an Order discussing the relevant standards that the Court must consider in exercising its discretion under Rule

54(d), Fed. R. Civ. P., to award costs. [D.E. 56]. The Order further set FDOC's Motion and George's request for a hearing on March 31, 2008. *Id.*

At the March 31, 2008, hearing, George presented documentation regarding his financial condition. [March 31, 2008, Hearing, Plaintiff's Ex. A]. The documents show that Plaintiff's wife has a monthly net income of $2,871.50. *Id.* Additionally, George testified regarding his financial circumstances. He stated that FDOC terminated his employment in September, 2006, and that he ceased receiving unemployment benefits in April, 2008, although the documents submitted demonstrate that George has actively sought other employment since he lost his job. George further said that he and his wife live in a one-bedroom apartment and keep their belongings that cannot fit in the apartment in storage for which they pay $136.32 per month. With respect to net worth, George provided evidence that he and his wife had total assets of $20,507.03, but that after all debts were paid, he expected to have $3,661.07 in assets. George further pointed to his anticipated medical expenses for the year, which he initially believed to be about $1,500.00, but at the May 13th hearing, George indicated his belief that the actual medical expenses for the year would exceed $1,500.00. A review of George's records indicates that he has in recent months made some discretionary purchases such as a crock pot from QVC, although such purchases do not occur with tremendous frequency. After reviewing all of this information, George suggested that he could pay $50.00 per month towards costs. Additionally, the Court asked FDOC to submit further documentation in support of its Motion for Costs.

Following the March 31st hearing, on April 7, 2008, FDOC filed Supplemental Materials In Support of Its Motion to Tax Costs on April 4, 2008 [D.E. 58]. In its Supplemental Materials In Support of Its Motion to Tax Costs, FDOC submitted additional documentation for the costs it seeks.

[D.E. 58]. Based on the numbers in the supplemental materials submitted, FDOC now actually seeks an award of $5,537.65 in costs.

George then filed his Response to Defendant's Supplemental Materials In Support of Its Motion to Tax Costs. [D.E. 59]. In this document, Plaintiff requests that the Court award a lower amount of costs than FDOC seeks because of (1) Plaintiff's lack of employment, resources and medical bills, and (2) the "gross[] exorbitance" of the costs FDOC attempts to recover. [D.E. 59].

On April 24, 2008, George filed a Motion for Hearing Regarding FDOC's Supplemental Filing. [D.E. 60]. The Court granted George's April 24th Motion for Hearing, and held the requested hearing on May 13, 2008. [D.E. 61, 62]. At the hearing, George relied upon his earlier filings.

## II. ANALYSIS

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). Congress has delineated which costs are recoverable under Rule 54(d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 44-42 (1987). The court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, although the court may not tax items not authorized by statute. *Crawford Fitting Co.*, 482 U.S. at 440-44; *see also United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). When challenging the taxability of costs, the non-prevailing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge necessary for the court to make a determination regarding the propriety of the proposed costs rests within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F.Supp.2d 1272, 1288 (M.D. Fla. 2005); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. 906 (M.D. Fla 1989).

In this case, FDOC, as the prevailing party, seeks $5,537.65 in costs. [D.E. 58]. George challenges the reasonableness of the specific costs sought by FDOC, and he further seeks a reduction of any costs awarded, in view of George's financial situation. The Court first reviews George's specific objections to FDOC's Motion by category of cost.

**A.     Costs**

     1.     Photocopies

The costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989) (copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration constitute recoverable costs), *aff'd,* 914 F.2d 267 (11th Cir. 1990). The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.* 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd,* 998 F.2d 1023 (11th Cir. 1993). As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary. *Helms*, 808 F.Supp. at 1570 (citing *Corsair Asset Mgmt., Inc.*, 142 F.R.D. 347, 353 (N.D. Ga. 1992)); *see, e.g., Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007) (copies of checks paid to copy service companies without explanation of underlying charge were not properly charged). Rather, the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for. *See, e.g., Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335-36

(S.D. Fla. 2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid reasonable or how expenses related to case).

In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents. *Helms*, 808 F.Supp. at 1570; *Desisto College, Inc.*, 718 F.Supp. at 913; *Guetzloe Group, Inc.*, 2007 WL 2479335 at *4; *Gupta v. Walt Disney World Co.*, 2007 WL 2002454, *3 (M.D. Fla. July 5, 2007) (citing *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).  Similarly, general copying costs without further description are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (losing party "should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's Xerox machines").  The costs associated with copying documents for the purpose of providing them to the court, however, are reimbursable. *Wells v. Xpedix, A Div. of Int'l Paper Co.*, 2007 WL 4206684, *2 (M.D. Fla. Nov. 27, 2007) (copying of deposition transcript provided to court are recoverable).  Likewise, a prevailing party may recover costs of copies produced to opposing counsel. *See EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. at 913.  Thus, FDOC must demonstrate that copies were necessarily obtained for a reimbursable use in this case. *Id.*; *Desisto College, Inc.*, 718 F.Supp. at 910, n.1; *Guetzloe Group, Inc.*, 2007 WL 2479335 at*4 (denying costs where prevailing party failed to itemize what copies were for and show copies necessary to case); *For Play Ltd. v. Bow to Stern Maintenance, Inc.*, 2006 WL 3662339, * 10 (S.D.Fla. Nov. 6, 2006) (denying costs where moving partying submitted no evidence to determine that copies were necessarily obtained for use in case).

A prevailing party may show that copies were obtained for use in the case through evidence of internal procedures allowing a party to document the amount of expenses incurred in photocopying for each case. *See Eggleston v. Bradshaw*, 2007 WL 1760912, *5-6 (S.D. Fla. June 18, 2007) (cost of copies recoverable for in-house copying as demonstrated by "detailed copy log" produced each month of case); *Lambert , III v. Fulton County, Georgia*, 151 F.Supp.2d 1364, 1376-77 (N.D. Ga. 2000) (cost of copies recoverable where party presented evidence of internal procedures where records derived from firm employees entering case number into photocopier each time copy was made relating to case) (internal citation omitted).

Here, FDOC initially provided a summary of photocopies it made for this case. [D.E. 50]. FDOC subsequently supplemented its initial general summary with a copy of its law firm's Costs-by-Code Report which is electronically generated from the law firm's accounting software – a more detailed description stating the purposes of the photocopies made. [D.E. 58]. The total amount requests in costs for photocopies amounts to $527.20. *Id.* Apart from 528 copies of transcripts and exhibits for exchange with opposing counsel*,* the Costs-by-Code Report reflects that the remaining copies sought by Defendants to be reimbursed were used for purposes classified as convenience of counsel, a cost which, as noted above, is not recoverable. Therefore, Defendants may recover costs for only the 528 copies made of transcripts and exhibits for opposing counsel.

Plaintiff claims that the $.20 price charged per copy is excessive because the Florida State Public Employees Relations Commission charged Plaintiff only $0.10 per page. [D.E. 59]. FDOC, however, claims that because its law firm allows a certain number of free copies per client each month, the law firm charged for 2,636 out of the 16,257 copies that were actually made, and, thus, FDOC seeks payment of costs related only to those 2,636 copies. [D.E.58]. Since the number of copies for

which FDOC requests an award of costs is far smaller than the actual number of copies made by the law firm on FDOC's behalf, FDOC contends that it should recover the full $0.20 per copy.

While the Court understands that FDOC does not seek reimbursement for 13,621 copies made by the law firm on FDOC's behalf, the Court notes that FDOC apparently did not incur this separate charge itself, either.  Consequently, FDOC cannot seek recovery of this amount because it does not constitute a "cost."  Moreover, even if FDOC had incurred this amount as a cost, FDOC has provided no documentation indicating the purpose of these 13,621 copies.  Consequently, FDOC has not satisfied its burden of demonstrating that these copies were "necessary" for the litigation.  As a result, the Court will not amortize the $.20 per copy charge for the 528 reimbursable copies among the 16,257 copies made to determine a smaller cost per copy for each of the allowable 528 copies.  Rather, the Court must consider the $.20-per-copy charge and determine the reasonableness of the rate.

A review of other cases in this circuit indicates that a rate of $.10 to $.14 per copy is reasonable.  *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 6 (M.D.Fla. Feb. 21. 2007) (reasonable rate of ten to fifteen cents per page); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (holding reasonable rate of ten cents per page for copying in Southern District; nineteen to fifteen cents per page as unnecessarily high without factual support for increased rate for higher in-house rate).  Applying the higher rate of $.14 per copy to each of the 528 reimbursable copies made by FDOC, FDOC may recover **$73.92** for photocopying charges.

      2.      <u>Court Reporter and Deposition Transcript Costs</u>

In this case FDOC seeks to recover court reporter, transcript and deposition costs, including video deposition costs, in the amount of $4,939.70. [D.E. 50]. FDOC initially submitted a summary of the price of each deposition. *Id.* The Court requested that FDOC supplement the initial summary with another, more detailed account of the cost of each deposition. [D.E. 58]. Accordingly, FDOC supplied the Court with various invoices detailing how much each deposition cost, including the cost of shipping and ASCII discs. *Id.*

Under 18 U.S.C. §1920(2), costs are recoverable for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* "Taxation of deposition costs is authorized by § 1920(2)." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *U.S. v. Kolestar*, 313 F.2d 835, 837-38 (5th Cir. 1963)); *Morrison v. Reichhold Chemicals, Inc.* 97 F.3d 460, 464-65 (11th Cir. 1996). As with photocopying costs, "[t]he question of whether costs of a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *W&O*, 213 F.3d at 621 (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2)).

While admission into evidence or use during cross-examination at trial tends to demonstrate that a transcript was necessarily obtained, "[i]t is not necessary to use a deposition at trial to be taxable . . . ." *W&O*, 213 F.3d at 621; *see e.g., Kolestar*, 313 F.2d at 840 ("[T]he utility (and necessity) for a deposition is not alone measured by whether all or any part of it [] is formally offered in evidence as such."). A court may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." *W&O*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Further, "obtaining deposition transcripts for use during

discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." *Lovett v. KLLM, Inc.*, 2007 WL 983192, * 6 (N.D. Ga. March 26, 2007) (citing *W&O*, 213 F.3d at 620-22). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success. . . ." *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 3 (M.D. Fla. Feb. 21. 2007) (citing *W&O*, 213 F.3d at 621).

Because the parties presumably have equal knowledge of the basis for each deposition, unlike with photocopying costs, the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. *W&O*, 213 F.3d at 621 (citation omitted); *Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. at 1571 ("since both parties should be aware of the reasons to take a deposition, [] the non-prevailing party should explain why the court should not grant that cost.")); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. at 910 n.1.

In the case at hand, FDOC deposed eight witnesses and indicated that it used the deposition transcripts throughout the course of litigation and preparation for trial.  [D.E. 50].  George has not shown that any portion of any deposition was not related to an issue which was present in the case at the time the deposition was taken.  Consequently, FDOC should recover all necessary costs incurred with respect to these eight depositions.

Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21, 2007). The fees for expedited or condensed transcripts, compressed and min-u-script versions, and CD ROMs with ASCII and e-tran, however, are not reimbursable under § 1920. *Id.*; *Preis v. Lexington Ins. Co.*, 2007 WL 3120268, * 4 (S.D. Ala. Oct. 22, 2007); *Smith v. Quintiles Int'l*, 2007 WL 2412844, * 5

(M.D. Fla. Aug. 21, 2007); *University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, * 1 (S.D. Fla. March 13, 2007). As for expedited shipping costs, a prevailing party may recover such costs only by a showing of need or extraordinary circumstance to justify that expense, and not solely for the convenience of counsel. *See, e.g., Kerns v. Pro-Foam of South Alabama*, 2007 WL 2710372, * 3 (S.D. Ala. Sept. 13, 2007).

Although some courts in this circuit allow for the recovery of delivery fees associated with transcripts, *see, e.g., Smith v. Quintiles Int'l*, 2007 WL 2412844, * 4 (M.D. Fla. Aug. 21, 2007) (holding postage and handing charged by court reporters to send copies of transcripts to counsel may be taxable) and *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007) (delivery fees are apart of the court reporter's fee and recoverable)*,* others have reached the contrary conclusion. *See, e.g., Preis v. Lexington Ins. Co.*, 2007 WL 3120268, * 4 (S.D Ala. Oct. 22, 2007) (such costs constitute "ordinary business expenses," not costs recoverable under Section 1920; *Kerns v. Pro-Foam of South Alabama*, 2007 WL 2710372, * 3 (S.D. Ala. Sept. 13, 2007) (same); *Henderson v. Home Depot U.S.A., Inc.*, 2006 WL 4978430, *4 (M.D. Fla. July 6, 2006) (same); *Eggleston v. Bradshaw*, 2007 WL 1760912, *4 (S.D. Fla. June 18, 2007) (delivery and shipping fees denied as being for convenience of counsel); *University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, * 1(S.D. Fla. March 13, 2007) (same). In this case, FDOC has not demonstrated that the delivery costs associated with the transcripts was not merely for counsel's convenience, but, instead, constituted a necessary expense. Consequently, FDOC may not recover for this portion of costs incurred in relation to court reporter fees.

As with transcript delivery costs, although some courts in this circuit have concluded that copies of transcript exhibits constitute a portion of the court reporter's fee and, thus, are taxable, *see,*

11

*e.g., Smith v. Quintiles Int'l*, 2007 WL 2412844, * 5 (M.D. Fla. Aug. 21, 2007) others have reached the opposite conclusion, based on the determination that such copies were made for the convenience of counsel, not as a necessary cost of the litigation. *See, e.g., University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, * 1(S.D. Fla. March 13, 2007). The undersigned finds that an inquiry must be made into the purpose of the exhibit copies. The deposing party, for example, generally provides the exhibits used during the deposition. Consequently, the deposing party should have no need other than convenience for copies of the deposition exhibits. The non-deposing party, however, may well need copies of the deposition exhibits because the non-deposing party did not furnish the deposition exhibits in the first place. Thus, under such an example, the deposing party would not be entitled to recover the costs of transcript exhibits, while the non-deposing party would. As with other costs, the key inquiry revolves around the purpose of the exhibits.

  Here, FDOC has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel. As a result, FDOC should not recover the costs associated with the copies of exhibits.

  With regard to copies of deposition transcripts, as opposed to original deposition transcripts, the Court applies the same test. To the extent that a copy is necessary, such costs are recoverable. A non-deposing party, for example, can recover the costs associated with obtaining a copy of a deposition transcript from the court reporter where the court reporter has provided the original to the deposing party. *See Waste Serv., Inc. v. Waste Mgmt. Inc.*, 2007 WL 1174116, *4 (M.D. Fla. 2007) (copy of transcript from court report recoverable; rejecting argument that defendant could have gotten copy from co-defendant rather then court reporter); *see also Henderson v. Home Depot, U.S.A., Inc.*, 2006 WL 4978430, *3 (M.D. Fla. July 6, 2006) (citing *Fulton Federal Savings & Loan Association of*

*Atlanta v. American Insurance Co.*, 143 F.R.D. 292, 296 (N.D. Ga.1991)) (expenses for copies, as opposed to originals, of depositions taken by the prevailing party are not normally recoverable but "[c]harges for a copy of a deposition taken by an opponent are recoverable")). As discussed previously, FDOC has demonstrated that transcripts for eight depositions were "necessary." Consequently, FDOC should recover for one version of each of these eight deposition transcripts, whether an original or a copy.

FDOC also seeks to recover the cost of a video recording, in addition to a deposition transcript, for George's deposition. In this regard, $850.00 of the $4,939.70 in deposition costs FDOC seeks are attributable to this video recording. [D.E. 58 Ex. A-2]. In order for a video deposition to be taxable the prevailing party must show why it was necessary to have both a video deposition and a transcribed deposition for use in the case. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007). Because FDOC has made no such showing, FDOC should not recover the $850.00 cost for the video recording of the deposition.

Finally, George argues that the costs of depositions are excessive due in part to FDOC's alleged ordering of the transcripts on an expedited basis. [D. E. 63]. In reviewing all of the documentation, however, the Court has found no evidence that any of the depositions were ordered on an expedited basis. [D.E. 50, 58]. Nor has the Court found any evidence that the price charged for any deposition is excessive. Therefore, FDOC can recover for the costs of the eight depositions, minus the costs of shipping and handling, copies of transcript exhibits, the video recording of George's deposition, and ASCII discs, in the amount of **$3,981.10**.

**B.     Plaintiff's Financial Circumstances**

13

George further asks the Court to reduce the costs sought by FDOC because he is financially unable to pay them. [D.E. 55].  Courts have the discretion to award costs specifically enumerated in 28 U.S.C. § 1920.  Indeed, Rule 54(d) Fed. R. Civ. P., "establishes a presumption that cost are to be awarded to a prevailing party, but vests the district court with the discretion to decide otherwise." *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000).

The presumption that the prevailing party is entitled to costs must be overcome by some showing that an award would be inequitable under the circumstances, as demonstrated by the non-prevailing party.  *Dewes v. Troy Univ.*, 2007 WL 2012825 *1 (M..D. Ala. July 9, 2007) (citing 10 James Wm. Moore, *Moore's Federal Practice* §51.101[1][b] at 54-152).  "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (quoting *Chapman*, 229 F.3d t 1038-39). In this Circuit, "[a] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman*, 229 F.3d at 1039.  Before a losing party's financial condition can be considered, there must be "*clear proof* of the non-prevailing party's *dire* financial circumstances"  *Id.*  (emphasis added).  When considering the financial status of a non-prevailing party, the district court "should require substantial documentation of a true inability to pay." *Id.*; *see, e.g., Barrington v. Lockheed Martin,* 2007 WL 1303032, *6 (M.D. Fla. May 3, 2007) (in holding non-prevailing party unable to pay costs, relied upon submission of affidavit and financial information attesting to state of finances); *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D.663, 669 (M.D. Fla. 1999) (holding reduction in costs warranted partially based on non-prevailing party's financial condition demonstrated by affidavit regarding her financial hardship).  Furthermore, "in those rare

circumstances where the non-prevailing party's financial circumstances are considered n determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Id.*

Upon a thorough review of the documentation submitted by George, as well as a careful consideration of the testimony presented by George, the Court finds that George has documented and otherwise demonstrated some hardship in paying costs. He has not, however, shown "clear proof" of the type of "dire financial circumstances" required by the Eleventh Circuit for the Court to exercise its discretion to reduce the cost award to FDOC on this basis. Consequently, the undersigned recommends that the Court award costs to FDOC in the amount of **$4,055.02**.

### *III. Conclusion*

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Verified Motion to Tax Costs [D.E. 50] be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff George be ordered to pay **$4,055.02** in costs to Defendant FDOC. Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file written objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal any factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B

1982) (*en banc*);[1] 28 U.S.C. §636(b)(1).

   **FILED AND SUBMITTED** at Fort Lauderdale, Florida, this 23rd day of May, 2008.

                                 */s/ Robin S. Rosenbaum*
                                 ROBIN S. ROSENBAUM
                                 UNITED STATES MAGISTRATE JUDGE

cc:  Honorable William P. Dimitrouleas
    Counsel of Record

---

[1] Decisions rendered by Unit B of the former Fifth Circuit constitute binding precedent in the Eleventh Circuit. *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).